IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **KHABIR DANIEL,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | NO. 5:25-CV-00201-TES-CHW |
| VS. | : | |
| | : | |
| Warden **CHARLES MIMS,** *et al.*, | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. §1983** |
| **Defendants** | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |

## ORDER

*Pro se* Plaintiff Khabir Daniel, a prisoner at the Wilcox State Prison in Abbeville, Georgia, filed a civil rights complaint brought under 42 U.S.C. § 1983. ECF No. 1. He also moved to proceed *in forma pauperis*. ECF No. 3. On May 30, 2025, the Court ordered Plaintiff to file a certified account statement in support of his motion to proceed *in forma pauperis*. ECF No. 5. Plaintiff has filed a request for an extension of time to comply with the Court's order (ECF No. 6) and his certified account statement (ECF No. 7). Because the Court has timely received Plaintiff's account statement, Plaintiff's request for an extension of time (ECF No. 6) is **DENIED** as moot.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* (ECF No. 3) is hereby **GRANTED**. However, even if a prisoner is allowed to proceed *in forma pauperis*, he must pay the full amount of the $350.00 filing fee in installments based on funds in the prisoner's account. When

a prisoner has funds in his account, he must pay an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six month period immediately preceding the filing of the complaint.  28 U.S.C. § 1915(b)(1).

A review of Plaintiff's account certification shows deposits totaling $1,510 for the preceding six months with an average monthly deposit of $251.67.  ECF No. 7 at 2.  Twenty percent of $251.67 is $50.33.  Accordingly, it is hereby **ORDERED** that Plaintiff pay an initial partial filing fee of $50.33.

Following payment of the initial partial filing fee, money will be deducted from Plaintiff's account until the filing fee ($350.00) is paid in full as set forth in § 1915(b) and explained below.  It is accordingly **DIRECTED** that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee.  The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's complaint (or any part thereof) is dismissed prior to service.

   I.   Directions to Plaintiff's Custodian

It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the

$350.00 filing fee has been paid in full. In accordance with the provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.     Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

In conclusion, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, and Plaintiff is **ORDERED** to pay an initial partial filing fee of $18.17. While Plaintiff's custodian is ordered to make subsequent payments on Plaintiff's behalf, Plaintiff should note that it is **HIS RESPONSIBLITY** to pay the initial partial filing fee. Thus, Plaintiff must make arrangements with the appropriate official to ensure that the

initial partial filing fee is paid in accordance with this Order. Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to pay the required initial partial filing fee to the Clerk of Court. Thereafter, Plaintiff's custodian shall remit monthly payments as set forth above.

### INITIAL REVIEW OF PLAINTIFF'S COMPLAINT

In accordance with the PLRA, the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Here, Plaintiff vaguely complains that Dr. Witherington "has been made aware of Plaintiff's need for restorative treatment since 10-28-2020" and that "Dr. Witherington systemically reschedule Plaintiff for restorative treatment, indefinitely." ECF No. 1 at 2. Plaintiff further complains that he "files several prison grievances that are subsequently denied" and that he "appeals the grievances to notify the Warden about Dr. Witherington's conduct." *Id*. at 1. Plaintiff names Warden Charles Mims, Dr. Maurice Freeman, Dr. Cryer, Nurse Lisa Petro, and "RDH" Aprieda Witherington as his Defendants. *Id*.

Plaintiff's complaint in its present form is not sufficient to establish a § 1983 claim. First, it is unclear why Plaintiff has named Dr. Freeman, Dr. Cryer, and Nurse Petro as Defendants, as there are no allegations whatsoever within his pleading that implicate them in any unconstitutional act. *See* ECF No. 1. A district court properly dismisses a claim when the plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation.

*See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (affirming dismissal of defendants that plaintiff failed to "associate" with an alleged constitutional violation) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) ("section 1983 requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation"); *Butler v. Georgia,* No. 22-10291, 2022 WL 17484910, at *2 (11th Cir. Dec. 7, 2022) ("The plaintiff's allegations must connect the defendants with the alleged constitutional violation.").

Furthermore, it appears Plaintiff may be attempting to assert claims against one or more Defendants based solely on their supervisory roles. It is well-settled in the Eleventh Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *See, e.g., Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). Instead, to establish liability against a supervisor, a prisoner must allege facts showing either that a supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. *Id.*; *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam) (internal quotation marks omitted) ("The standard by which a supervisor is held liable in her individual capacity for the actions of a

5

subordinate is extremely rigorous."). Nowhere in Plaintiff's complaint is there any allegation that would plausibly support an inference that any Defendant had any direct or indirect involvement in any violation of Plaintiff's constitutional rights through any supervisory role. *See Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866-67 (11th Cir. 2008) (*per curiam*) (rejecting claim where the plaintiff failed to allege decision making officials took specific actions amounting to a constitutional violation).

To any extent that Plaintiff may be attempting to assert a claim as to the denial of his grievances or as to the grievance process itself, prisoners do not have a constitutional right to participate in grievance procedures, to have those procedures properly followed, or to any preferred outcome to a filed grievance. *See, e.g., Wildberger v. Bracknell*, 869 F.2d 1467, 1467-68 (11th Cir. 1989); *Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (per curiam) (citations omitted) (affirming dismissal of prison's claims that he was denied use of the prison's grievance procedure and holding that an inmate has no constitutionally-protected liberty interest in access to that procedure); *Dunn v. Martin*, 178 F. App'x 876, 878 (11th Cir. 2006) (per curiam) (prison officials' failure to respond to prisoner's letters and grievances and to follow prison regulations regarding grievance responses did not implicate due process concerns). A supervisor is not "personally involved" in a constitutional violation merely because he or she fails to respond to complaints from a prisoner or otherwise deny grievances. *See e.g.*, *Asad v. Crosby,* 158 F. App'x 166, 170–72 (11th Cir.2005) (per curiam) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the

grievance process," because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

Lastly, "not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)). In fact, "[w]ith respect to prisoners' medical care, ... the Eighth Amendment doesn't require it to be 'perfect, the best obtainable, or even very good.'" *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1271 (11th Cir. 2020) (quoting *Harris v. Thigpen*, 941 F.2d 1495, 1510 (11th Cir. 1991). Rather, "medical treatment violates the Eighth Amendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id.* (quotation omitted and alterations adopted). To establish a claim of deliberate indifference to serious medical needs, a plaintiff must show (1) that the medical need is serious; and (2) that prison officials acted with deliberate indifference to this serious need. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). As to the second prong, a plaintiff "must demonstrate that the defendant acted with 'subjective recklessness as used in the criminal law,'" which requires a plaintiff to "show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff[.]" *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (en banc) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Here, Plaintiff's allegation that he has been denied "restorative treatment" is entirely too vague to meet any

element of a deliberate indifference to a serious medical need claim against any Defendant.

The Court will afford Plaintiff one opportunity to remedy the defects as explained herein. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam). If he wishes to proceed with this civil action, Plaintiff must recast his complaint on the Court's required 42 U.S.C. § 1983 complaint form. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must provide enough facts to plausibly demonstrate that each Defendants' actions or omissions resulted in the violation of his constitutional rights. It is recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each Defendant to which the claim is attributed:

(1) What did this Defendant do (or not do) to violate your rights? In other words: What was the extent of this Defendant's role in the unconstitutional conduct?

(2) Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation? If not, how did his/her actions otherwise cause the unconstitutional action? How do you know?

(3) When and where did each action occur (to the extent memory allows)?

(4) How were you injured because of this Defendant's actions or inactions? If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(5) What legally permissible relief do you seek from this Defendant?

Plaintiff must honestly, thoroughly, and completely answer each question presented in the Court's standard § 1983 complaint form. Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named Defendants in this case; he also need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed. If Plaintiff raises unrelated claims under the same civil action number, the unrelated claims may be dismissed. *See Toenniges v. Warden*, 672 F. App'x 889, 890 (11th Cir. 2016) (holding that district court did not abuse its discretion in dismissing as improperly joined claims against two defendants which did not "arise out of the same transaction, occurrence, or series of transactions or occurrences, Fed. R. Civ. P. 20(a)").

Plaintiff is hereby notified that **one sole operating complaint** is permissible. The general rule is that an amended complaint supersedes an original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted); *Fritz v. Standard Sec. Life Ins.Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982). Thus, Plaintiff's amended complaint will take the place of his original complaint. The Court will not consider those facts contained in Plaintiff's original complaint. Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff

has previously alleged it in another filing. Plaintiff is not to include any exhibits or attachments nor should he submit proposed orders as he has presently done. *See* ECF No. 1-3, 1-4, 1-5, 1-6, 1-7, 1-8, and 1-9. ***The recast complaint must be no longer than ten (10) pages in its entirety.***

## CONCLUSION

In sum, if Plaintiff wishes to proceed with this action, he shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) refile his complaint on the Court's standard § 1983 form as instructed, and (2) pay an initial partial filing fee of $50.33. While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.** There will be no service of process in this case until further order of the Court.

The Clerk of Court is **DIRECTED** to forward Plaintiff a standard § 1983 complaint form with his service copy of this order (with the civil action number showing on all).

**SO ORDERED and DIRECTED**, this 11th day of July, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge